DANIEL C. SNYDER (Oregon State Bar No. 105127)
*Pro hac vice* application forthcoming
PUBLIC JUSTICE
1620 L Street NW, Suite 630
Washington, DC 20036
Telephone:   (202) 861-5251
Facsimile:    (202) 232-7203
dsnyder@publicjustice.net

RACHEL S. DOUGHTY (California State Bar No. 255904)
CHRISTIAN R. BUCEY (California State Bar No. 341921)
GREENFIRE LAW, PC
2748 Adeline St., Suite A
Berkeley, CA 94703
Telephone:   (510) 900-9502
Facsimile:    (510) 900-9502
rdoughty@greenfirelaw.com
cbucey@greenfiirelaw.com

Attorneys for Plaintiff US RIGHT TO KNOW

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| US RIGHT TO KNOW, a California Non-Profit Corporation,<br><br>  Plaintiff,<br><br>  v.<br><br>UNITED STATES DEFENSE ADVANCED RESEARCH PROJECTS AGENCY,<br><br>  Defendant. | Case No. _____<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**<br><br>Freedom of Information Act |

**INTRODUCTION**

1. This action, through which Plaintiff US Right to Know ("USRTK" or "Plaintiff") seeks access to government records held by Defendant United States Defense Advanced Research Projects Agency ("DARPA" or "Defendant") is premised upon, and consequent to, violations of the federal Freedom of Information Act ("FOIA"), 5 U.S.C. section 552 *et seq.*, and applicable Department of Defense ("DOD") FOIA regulations promulgated thereunder, 32 C.F.R. Part 286 – "DOD FREEDOM OF INFORMATION ACT (FOIA) PROGRAM." This action challenges the unlawful failure of the Defendant to abide by the statutory requirements of the FOIA and applicable Department of Defense implementing regulations.

2. Defendant is unlawfully withholding from public disclosure information sought by USRTK, information to which USRTK is entitled and for which no valid disclosure exemption applies or has been properly asserted. In particular, Defendant has violated, and remains in violation of, the statutory mandates imposed by the FOIA by: (Count I) failing to provide a timely final determination on USRTK's FOIA Requests; (Count II) unlawfully withholding records from public disclosure for which no valid disclosure exemption applies or has been properly asserted, or to provide the reasonably segregable portions of those records; and (Count III) failing to provide an updated "estimated date of completion."

3. The records requested by USRTK are likely to contribute significantly to the understanding of the operations or the activities of the government. USRTK is a 501(c)(3) nonprofit organization and, by its nature, has no commercial interest in the requested records.

4. USRTK seeks declaratory relief establishing that DARPA has violated the FOIA and that such actions entitle USRTK to relief thereunder. USRTK also seeks injunctive relief directing DARPA to conduct a reasonably adequate search for records and to promptly provide responsive material, to reasonably segregate portions of non-exempt records, and to provide proper justifications for any disclosure exemptions that are applied. Finally, USRTK requests that the Court award Plaintiff its reasonable attorneys' fees and costs incurred in bringing this action.

**JURISDICTION AND VENUE**

5. This Court has jurisdiction pursuant to 5 U.S.C. section 552(a)(4)(B). That provision of the FOIA grants jurisdiction to "the district court of the United States in the district in which the complainant resides, or has his principal place of business[.]" USRTK both resides and maintains its principal place of business in the Northern District of California.

6. The Court also has federal question jurisdiction pursuant to 28 U.S.C. section 1331 because this action arises under the FOIA and the Declaratory Judgment Act, 28 U.S.C. section 2201 *et seq*.

**INTRADISTRICT ASSIGNMENT**

7. Pursuant to Local Rule 3-2(c), this case is properly brought in the San Francisco Division of the Northern District of California because a substantial part of the events and omissions which give rise to the claims alleged herein occurred in the County of San Francisco.

8. Under the FOIA, 5 U.S.C. section 552(a)(4)(B), jurisdiction vests in the district court where "the complainant resides" or "has his principal place of business."

9. Plaintiff resides in the County of San Francisco.

10. Plaintiff has its principal place of business in the County of San Francisco.

11. As such, under the L.R. 3-2(c), (d), intradistrict assignment to the San Francisco division is proper.

**PARTIES**

12. Plaintiff USRTK is a 501(c)(3) nonprofit corporation organized under the laws of the State of California. USRTK is a public interest, investigative research group focused on promoting transparency for public health. USRTK works nationally and globally to expose corporate wrongdoing and government failures that threaten the integrity of food systems, the environment, and human health.

13. Defendant United States Defense Advanced Research Projects Agency is an agency of the United States executive branch.

14. DARPA qualifies as an "agency" under the FOIA, the records sought are "records" under the FOIA, and because DARPA is in possession and control of the records sought by USRTK, DARPA is subject to the FOIA pursuant to 5 U.S.C. section 552(f).

## LEGAL FRAMEWORK

15. The FOIA requires U.S. government agencies to "promptly" make public records available to any person if that person makes a request which (1) reasonably describes the records sought and (2) complies with any applicable agency rules for making such a request. 5 U.S.C. § 552(a)(3)(A).

16. The FOIA requires an agency to issue a final determination on any such information request within twenty business days from the date of its receipt. 5 U.S.C. § 552(a)(6)(A)(i). In issuing a final determination, an agency is required to inform the requester of three things: (1) the agency's determination of whether or not it must comply with the request; (2) the reasons for its decision; and (3) notice of the right of the requester to appeal to the head of the agency. 5 U.S.C. § 552(a)(6)(A)(i).

17. The FOIA allows an agency to extend the twenty-day determination deadline, however, by ten working days when "unusual circumstances" exist and when the agency so notifies a requester in writing. 5 U.S.C. § 552(a)(6)(B)(i)-(iii); 32 C.F.R. § 286.8(c). A notice informing a requester of the invocation of the "unusual circumstances" provision must specify the applicable "unusual circumstances." 32 C.F.R. § 286.8(c).

18. Permissible "unusual circumstances" are limited to: "(I) the need to search for and collect the requested records from field facilities or other establishments that are separate from the office processing the request; (II) the need to search for, collect, and appropriately examine a voluminous amount of separate and distinct records which are demanded in a single request; or (III) the need for consultation, which shall be conducted with all practicable speed, with another agency having a substantial interest in the determination of the request or among two or more components of the agency having substantial subject-matter interest therein." 5 U.S.C. § 552(a)(6)(B)(iii).

19. An agency is entitled to one ten-business day extension. 5 U.S.C. § 552(a)(6)(B)(i). The written notice provided to the requester must specify the specific unusual circumstances justifying the extension and the date on which a final determination is expected to be dispatched. *Id.*; 32 C.F.R. § 286.8(c).

20. In some circumstances, the FOIA allows an agency to invoke an extension beyond ten days. To invoke a longer extension, the FOIA requires an agency to provide written notification to the

requester that (1) offers the requester an opportunity to limit the scope of the request so that it may be processed within that time limit, or (2) offers the requester an opportunity to arrange with the agency an "alternative time frame" for processing the request. 5 U.S.C. § 552(a)(6)(B)(ii); 32 C.F.R. § 286.8(c).

21. As part of invoking an "alternative time frame" extension, the agency must also make available to the requester its FOIA Public Liaison, who is tasked to resolve any dispute between the requester and the agency. 5 U.S.C. § 552(a)(6)(B)(ii); 32 C.F.R. § 286.8(c).

22. FOIA Public Liaisons "shall serve as supervisory officials" and "shall be responsible for assisting in reducing delays, increasing transparency and understanding of the status of requests, and assisting in the resolution of disputes." 5 U.S.C. § 552(l).

23. Even when an "unusual circumstances" extension is made, the agency must still notify the requester of its expected date on which a final determination will be dispatched. 5 U.S.C. § 552(a)(6)(B)(i); 32 C.F.R. § 286.8(c) ("Whenever the statutory time limit for processing a request cannot be met because of 'unusual circumstances,' as defined in the FOIA, and the DoD Component extends the time limit on that basis, the DoD Component must, before expiration of the 20-day period to respond, notify the requester in writing of the unusual circumstances involved and of the date by which processing of the request can be expected to be completed.").

24. "Exceptional circumstances" for failure to comply with applicable time limits "does not include a delay that results from a predictable agency workload of requests under this section, unless the agency demonstrates reasonable progress in reducing its backlog of pending requests." 5 U.S.C. § 552(a)(6)(C)(ii).

25. If an agency fails to provide a final determination on a FOIA request within the statutory timeframe, the requester is deemed to have exhausted its administrative remedies and may immediately file suit against the agency. 5 U.S.C. § 552(a)(6)(C)(i).

26. The FOIA also requires agencies to provide "an estimated date on which the agency will complete action on the request." 5 U.S.C. § 552(a)(7)(B)(ii); *see also* 5 U.S.C. § 552(a)(6)(B)(i).

27. Agencies shall make reasonable efforts to maintain their records so they are reproducible for FOIA purposes, and "shall make reasonable efforts to search" for responsive records. 5 U.S.C. §

552(a)(3)(B), (C). The term "search" "means to review, manually or by automated means, agency records for the purpose of locating those records which are responsive to a request." 5 U.S.C. § 552(a)(3)(D).

28. In furnishing records responsive to a request under the FOIA, an agency may, for a limited set of categories of information, exclude or withhold such information from disclosure. 5 U.S.C. § 552(b). However, even where proper justification exists for withholding such information, the agency must provide the remaining portions of records that are reasonably segregable from the properly withheld portions thereof. *Id.*

29. Except in certain circumstances, when an agency produces a record in response to a FOIA request but withholds a portion thereof, the agency must indicate the volume of information withheld and the exemption under which such information has been withheld. *Id.*; 5 U.S.C. § 552(a)(6)(F).

30. An agency that withholds public records from a requestor under the FOIA bears the burden of sustaining the legality of its action. 5 U.S.C. § 552(a)(4)(B).

31. Requesters under the FOIA may ask that an agency waive fees associated with any request for records "if disclosure of the information is in the public interest because it is likely to contribute significantly to the public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." 5 U.S.C. § 552(a)(4)(A)(iii).

32. An agency may only charge certain fees depending on the category of requester. For non-commercial requesters such as USRTK, "fees shall be limited to reasonable standard charges for document search and duplication." 5 U.S.C. § 552(a)(4)(A)(ii)(III).

33. Agencies are prohibited from assessing search fees if the agency fails to comply with the FOIA's twenty-day determination deadline or any lawful extension under the statute's "unusual circumstances" provisions. 5 U.S.C. § 552(a)(4)(A)(viii).

## STATEMENT OF OPERATIVE FACTS

*FOIA Request One*

34. USRTK submitted a FOIA Request ("Request One") to DARPA on October 2, 2020.

Request One sought a waiver of all fees associated with processing the Request. A copy of Request One is attached hereto as **Exhibit A**.

35. Request One seeks agency records related to funding contracts, grant agreements, and communications about funding pertaining to the Duke-DARPA P3 Program, DARPA agreement number HR0011-17-2-0069). Exhibit A at 1-2.

36. USRTK has no commercial interest or value in records responsive to Request One.

37. The records requested by USRTK are likely to contribute significantly to the public understanding of the operations and activities of the government, especially as they pertain to the SARS-CoV-2 virus and the COVID-19 pandemic in the United States.

38. USRTK has a demonstrated track record of obtaining and disseminating information obtained under the FOIA and state public records laws concerning public health. Since 2015, USRTK has obtained, posted online, and reported on thousands of industry and government documents gathered via public records requests. USRTK's work has contributed to three New York Times investigations, 15 academic papers in public health journals, 13 articles in the BMJ, one of the world's leading medical journals, and global media coverage documenting how food and chemical corporations impact public health and the environment. USRTK's staff has expertise in investigative journalism and advanced research, especially as it concerns impacts on human health.

39. USRTK's investigation of the origins of COVID-19 has been featured in news outlets around the world, including the Wall Street Journal, Science, BMJ, USA Today, New Yorker, Vanity Fair, Fox News, The Intercept, Sky News Australia, Daily Mail, The Australian, Bulletin of the Atomic Scientists, RAI 3's Presadiretta, Le Parisien, Le Point, CNET, Taiwan News, La Jornada, The Sun, Daily Caller, New York Post and many others.

40. USRTK shares its findings with media outlets, public health and medical journals, and through its own library of information, available online at: <http://www.usrtk.org>. Many of USRTK's documents are available through the USRTK Agrichemical Collection of the University of California, San Francisco's ("UCSF") Chemical Industry Documents Archive, available online at: <https://www.industrydocuments.ucsf.edu/chemical/collections/usrtk-agrichemical-collection/>, and the

USRTK Food Industry Collection of the UCSF Food Industry Documents Archive, available online at: <https://www.industrydocuments.ucsf.edu/food/collections/usrtk-food-industry-collection/>.

41. Request One was received and acknowledged by DARPA via email on October 2, 2020 and assigned tracking number "21-F-0004."

42. On October 6, 2020, DARPA provided an "interim response" to Request One. In that response, DARPA invoked the "unusual circumstances" exception to the FOIA's standard twenty-day determination deadline, but did not identify "the date by which we estimate processing of the request will be completed." 32 C.F.R. § 286.8(c). It also did not identify the specific "unusual circumstance" at issue, stating that "At least one, if not more, of these scenarios applies or would likely apply to your request."

43. DARPA's October 6, 2020 "interim response" also did not provide USRTK with an estimated date on which DARPA would complete action on Request One or provide a decision as to USRTK's request for a fee waiver.

44. USRTK emailed DARPA via Ms. Toni Wilkerson, the Government Information Specialist assigned to Request One, on November 12, 2020, requesting an update to the processing of Request One and asking whether there was anything USRTK could do to expedite the processing of Request One.

45. Ms. Wilkerson responded to USRTK by email on November 12, 2020, stating, *inter alia*, that "the search for the requested records has not been completed" and that she had requested "an estimated completion date from DARPA[.]"

46. USRTK wrote Ms. Wilkerson again on December 16, 2020, asking whether DARPA had provided an estimated completion date for Request One. Ms. Wilkerson again responded by email that same day, indicating that the estimated completion date for Request One was November 1, 2021. Ms. Wilkerson also requested that USRTK consider narrowing the scope of Request One.

47. USRTK responded the next day, alerting Ms. Wilkerson that it would narrow the scope of Request One by limiting the time frame from July 1, 2018, to October 1, 2020. Ms. Wilkerson responded later that same day to explain she was forwarding the narrowed time frame to DARPA.

48. No further communications were received by USRTK during the entire year of 2021. The November 1, 2021, estimated completion date passed without a single responsive record being provided.

49. Accordingly, on February 24, 2022, USRTK wrote to Ms. Wilkerson again. In this email, USRTK requested that DARPA provide a formal determination on Request One, address USRTK's request for a fee waiver, and provide an updated estimated completion date.

50. Ms. Wilkerson responded on March 1, 2022, stating that she would request an updated estimated completion date from DARPA and asking if USRTK would further narrow the scope of the request. In a subsequent email on March 2, Ms. Wilkerson asked if USRTK would agree to exclude all communications responsive to Request One from the request. On March 7, USRTK informed Ms. Wilkerson it would not narrow Request One to exclude communications, but that it would consider other narrowing proposals from DARPA.

51. Having heard nothing further from DARPA, USRTK again wrote Ms. Wilkerson on May 18, 2022. USRTK renewed its request for a formal determination under the FOIA, a decision on USRTK's request for a fee waiver, and an estimated completion date. Ms. Wilkerson responded on May 20, stating she would request an updated estimated completion date from DARPA.

52. On July 18, 2022, USRTK again wrote to DARPA, and again asked that Defendant provide USRTK with a formal determination on Request One, an updated estimated completion date, and a decision on USRTK's request for a fee waiver. Ms. Wilkerson responded that same day, again stating that she would reach out to DARPA to request an updated estimated completion date and to see if DARPA had further input on how to narrow Request One.

53. To date, USRTK has received no further communication from DARPA about Request One.

54. To date, DARPA has not provided USRTK with an updated estimated date of completion. The last estimated date of completion provided by DARPA expired over a year ago.

55. To date, DARPA has not provided USRTK with a timely and lawful "determination" that informs USRTK of (1) DARPA's determination of whether or not to comply with Request One; (2) the reasons for its decision; and (3) notice of USRTK's right to appeal to the head of the agency. 5 U.S.C. §

552(a)(6)(A)(i).

56. At no time has DARPA lawfully invoked the FOIA's "unusual circumstances" exception to the FOIA's twenty-day determination deadline.

57. DARPA has not shown due diligence in responding to the Request One. 5 U.S.C. § 552(a)(6)(C)(i).

58. To date, DARPA has failed to issue a decision on USRTK's request for a waiver of fees associated with the processing of the Request.

59. To date, DARPA has not produced a single record responsive to Request One.

60. USRTK has constructively exhausted all administrative remedies required by the FOIA. 5 U.S.C. § 552(a)(6)(A), (a)(6)(C).

61. USRTK has been forced to retain the services of counsel and to expend funds litigating Defendant's unlawful actions and omissions under the FOIA.

*FOIA Request Two*

62. USRTK submitted a FOIA Request ("Request Two") to DARPA on March 1, 2021. Request Two sought a waiver of all fees associated with processing the Request. A copy of Request Two is attached hereto as **Exhibit B.**

63. Request Two seeks agency records concerning eight contracts funded under DARPA's program entitled "Preventing Emerging Pathogenic Threats" or "PREEMPT." Exhibit B at 1-2.

64. USRTK has no commercial interest or value in records responsive to the Request.

65. The records requested by USRTK are likely to contribute significantly to the public understanding of the operations and activities of the government, especially as they pertain to the origins of the SARS-CoV-2 virus and the COVID-19 pandemic in the United States.

66. USRTK incorporates and restates Para. 38-40, *supra*.

67. DARPA acknowledged receipt of Request Two on March 2, 2021. In that acknowledgment, DARPA assigned Request Two tracking number "21-F-0645."

68. On March 2, 2021, DARPA also provided an "interim response" to Request Two. In that response, DARPA invoked the "unusual circumstances" exception to the FOIA's standard twenty-day

determination deadline, but did not identify "the date by which we estimate processing of the request will be completed." 32 C.F.R. § 286.8(c). It also did not identify the specific "unusual circumstance" at issue, stating that "At least one, if not more, of these scenarios applies or would likely apply to your request."

69. DARPA's March 2, 2021 "interim response" also did not provide USRTK with an estimated date on which DARPA would complete action on Request Two or respond to USRTK's request for a fee waiver.

70. Having received no further communications or responsive records from DARPA related to Request Two, on April 15, 2021, USRTK wrote Defendant via Kayla Webster, the Government Information Specialist assigned to Request Two. In that correspondence, USRTK requested that Defendant provide a status update and an estimated date of completion for the Request consistent with the FOIA.

71. Ms. Webster responded on behalf of DARPA on April 16, 2021. In that correspondence, Ms. Webster noted that the search for the requested records had not started, and that the estimated date of completion for the request was September 1, 2021.

72. USRTK received no further communications from DARPA on Request Two, and the September 1, 2021, estimated completion date expired without a single record being produced.

73. On May 18, 2022, USRTK wrote to DARPA through Ms. Webster. In that correspondence, USRTK requested DARPA provide an official determination under the FOIA on Request Two, issue a decision on USRTK's request for a fee waiver, and provide an estimated completion date that complies with the FOIA's requirements that responsive records be made promptly available to a requester.

74. Ms. Webster responded on May 25, 2022. In that email, Ms. Webster provided a new estimated completion date of September 1, 2022. She also stated she would look into the status of USRTK's request for a fee waiver.

75. Once again, USRTK did not receive any further communications from DARPA. Thus, on July 18, 2022, USRTK wrote again to Ms. Webster. In this message, USRTK alerted the agency that it

was in violation of the statutory mandates of the FOIA. USRTK described that it had received no official determination on Request Two within the allotted timeframe and no decision on its request for a fee waiver. USRTK informed DARPA that it would initiate a lawsuit against DARPA under the FOIA if the agency did not make a complete production of responsive records by the new estimated date of completion, September 1, 2022. USRTK noted that it would seek an award of its attorneys fees and costs if it were forced to initiate litigation. It concluded its message with the following: "Our sincere desire is to not litigate, but we are running out of options. Please do tell us if there is anything we can do to help expedite the processing of this FOIA request."

76. To date, USRTK has not received any further communication from DARPA about Request Two.

77. To date, DARPA has not provided USRTK with an updated estimated date of completion. The September 1, 2022, estimated completion date has expired with not a single record being produced.

78. To date, DARPA has not provided USRTK with a timely and lawful "determination" that informs USRTK of (1) DARPA's determination of whether or not to comply with the Request; (2) the reasons for its decision; and (3) notice of USRTK's right to appeal to the head of the agency. 5 U.S.C. § 552(a)(6)(A)(i).

79. At no time has DARPA lawfully invoked the FOIA's "unusual circumstances" exception to the FOIA's twenty-day determination deadline.

80. DARPA has not shown due diligence in responding to the request. 5 U.S.C. § 552(a)(6)(C)(i).

81. To date, DARPA has failed to issue a decision on USRTK's request for a waiver of fees associated with the processing of the Request.

82. To date, DARPA has not produced a single record responsive to the Request.

83. USRTK has constructively exhausted all administrative remedies required by the FOIA. 5 U.S.C. § 552(a)(6)(A), (a)(6)(C).

84. USRTK has been forced to retain the services of counsel and to expend funds litigating

11
COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
CASE NO. _____

Defendant's unlawful actions and omissions under the FOIA.

## CAUSES OF ACTION

### COUNT I

### VIOLATIONS OF THE FREEDOM OF INFORMATION ACT AND DEPARTMENT OF DEFENSE REGULATIONS:

### FAILURE TO PROVIDE TIMELY FINAL DETERMINATION

85. The allegations made in all preceding paragraphs are realleged and incorporated by reference herein.

86. USRTK has a statutory right to have Defendant process its FOIA requests in a manner that complies with the FOIA. USRTK's rights in this regard were violated by DARPA's failure to provide a timely and legally adequate final determination on Requests One and Two (collectively, the "FOIA Requests").

87. To date, USRTK has not received any written communication from DARPA about whether the Agency will comply with the FOIA Requests, the Defendant's reasons for making that decision, and any right of USRTK to administratively appeal that decision. 5 U.S.C. § 552(a)(6)(A)(i); 32 C.F.R. Part 286.

88. Based on the nature of USRTK's organizational activities, USRTK will continue to employ FOIA's provisions to request information from Defendant in the foreseeable future. These activities will be adversely affected if Defendant is allowed to continue violating FOIA's response deadlines.

89. Unless enjoined and made subject to a declaration of USRTK's legal rights by this Court, DARPA will continue to violate USRTK's rights to receive public records under the FOIA.

90. DARPA's failure to make a final determination on the FOIA Requests within the statutory timeframe has prejudiced USRTK's ability to timely obtain public records.

# COUNT II

## VIOLATION OF THE FREEDOM OF INFORMATION ACT:

## UNLAWFUL WITHHOLDING OF NON-EXEMPT PUBLIC RECORDS

91. The allegations made in all preceding paragraphs are realleged and incorporated by reference herein.

92. USRTK has a statutory right to have Defendant process its FOIA requests in a manner that complies with FOIA. USRTK's rights in this regard were violated when DARPA failed to promptly provide public, non-exempt records to USRTK in response to the FOIA Requests, 5 U.S.C. §§ 552(a)(3)(A) & (b), to provide a reasonable estimate of the volume of withheld records, 5 U.S.C. § 552(a)(6)(F), and to reasonably segregate all non-exempt portions of otherwise exempt material, 5 U.S.C. § 552(b).

93. DARPA is unlawfully withholding public disclosure of information sought by USRTK, information to which it is entitled and for which no valid disclosure exemption applies.

94. USRTK has constructively exhausted its administrative remedies with respect to this claim for both Request One and Request Two.

95. USRTK is entitled to injunctive relief to compel production of all non-exempt, responsive records.

96. Based on the nature of USRTK's organizational activities, USRTK will undoubtedly continue to employ FOIA's provisions to request information from Defendant in the foreseeable future.

97. USRTK's organizational activities will be adversely affected if Defendant is allowed to continue violating FOIA's response deadlines as it has in this case.

98. Unless enjoined and made subject to a declaration of USRTK's legal rights by this Court, DARPA will continue to violate the rights of USRTK to receive public records under the FOIA.

# COUNT III

# VIOLATION OF THE FREEDOM OF INFORMATION ACT:

# FAILURE TO PROVIDE ESTIMATED DATE OF COMPLETION

99. The allegations made in all preceding paragraphs are realleged and incorporated by reference herein.

100. USRTK has a statutory right to have Defendant process its FOIA requests in a manner that complies with FOIA. USRTK's rights in this regard were violated by DARPA's unlawful failure to provide an updated estimated date of completion for both Request One and Request Two, as required by the FOIA, 5 U.S.C. section 552(a)(7)(B)(ii).

101. USRTK formally requested that DARPA provide an updated estimated dates of completion for both Request One and Request Two after the original estimated completion dates expired. No response was received from DARPA.

102. Based on the nature of USRTK's organizational activities, USRTK will continue to employ FOIA's provisions to request information from DARPA in the foreseeable future. These activities will be adversely affected if DARPA is allowed to continue violating the FOIA's requirements for providing USRTK with an estimated date of completion or updated estimated date of completion on its FOIA requests.

103. Unless enjoined and made subject to a declaration of USRTK's legal rights by this Court, Defendant will continue to violate the rights of USRTK to receive public records under the FOIA.

## REQUEST FOR RELIEF

Wherefore, USRTK prays that this Court:

1. Order Defendant to promptly provide USRTK all of the information sought in this action and to immediately disclose the requested records for Requests One and Two in unredacted format unless an exemption is properly claimed and properly applies.

2. Declare Defendant's failure to provide USRTK with a final determination for Requests One and Two as unlawful under the FOIA.

3. Declare Defendant's failure to promptly provide USRTK with all non-exempt records

responsive to Requests One and Two as unlawful under the FOIA.

4. Declare Defendant's failure to provide USRTK with an estimated date of completion, or updated estimated date of completion, as required by 5 U.S.C. section 552(a)(7)(B)(ii), unlawful under the FOIA.

5. Award USRTK its reasonable attorneys' fees and costs pursuant to 5 U.S.C. section 552(a)(4)(E) or 28 U.S.C. section 2412.

6. Grant such other and further relief to USRTK as the Court may deem just and proper.

DATED: November 22, 2022.

| /s/ Rachel Doughty | /s/ Daniel C. Snyder |
|---|---|
| RACHEL S. DOUGHTY (California State Bar No. 255904) | DANIEL C. SNYDER (Oregon State Bar No. 105127) |
| CHRISTIAN R. BUCEY (California State Bar No. 341921) | *Pro hac vice* application forthcoming |
| GREENFIRE LAW, PC | PUBLIC JUSTICE |
| 2748 Adeline St., Suite A | 1620 L Street NW, Suite 630 |
| Berkeley, CA 94703 | Washington, DC 20036 |
| Telephone:   (510) 900-9502 | Telephone:   (202) 861-5251 |
| Facsimile:   (510) 900-9502 | Facsimile:   (202) 232-7203 |
| rdoughty@greenfirelaw.com | dsnyder@publicjustice.net |
| cbucey@greenfirelaw.com | |

*Attorneys for Plaintiff US Right to Know*