ISMAIL J. RAMSEY (CABN 189820)
United States Attorney
MICHELLE LO (NYRN 4325163)
Chief, Civil Division
JEVECHIUS D. BERNARDONI (CABN 281892)
Assistant United States Attorney

1301 Clay Street, Suite 340S
Oakland, California 94612-5217
Telephone: (510) 637-3721
Facsimile: (510) 637-3724
jevechius.bernardoni@usdoj.gov

Attorneys for Federal Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| US RIGHT TO KNOW, a California Non-Profit Corporation,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEFENSE ADVANCED RESEARCH PROJECTS AGENCY,<br><br>Defendant. | Case No. 3:22-cv-07377-TSH<br><br>**STIPULATION TO CONTINUE CASE MANAGEMENT CONFERENCE; [PROPOSED] ORDER** |

Plaintiff US Right to Know ("Plaintiff" or "USRTK") and defendant United States Defense Advanced Research Projects Agency ("Defendant" or "DARPA"), by and through their undersigned counsel, hereby STIPULATE and respectfully REQUEST that the Court continue the parties' case management conference ("CMC") set for September 12, 2024, at 10:00 a.m. until March 6, 2025, at 10:00 a.m. This stipulation is based on the following facts:

1. This action, filed on November 22, 2022 under the Freedom of Information Act ("FOIA"), concerns two FOIA requests that Plaintiff directed to DARPA, dated October 2, 2020 and March 1, 2021. ECF No. 1 ¶¶ 34, 62. Defendant has answered the Complaint, ECF No. 17, and there are no issues concerning service or jurisdiction.

2. Since the filing of the Complaint, the parties have conferred regarding a processing and

1. production schedule for records responsive to the Requests. The parties stipulated to a production schedule. ECF Nos. 21 & 22.

2. 3. The parties' May 18, 2023 stipulation reported that DARPA was on track to complete its record production by October 31, 2023. ECF No. 23. On July 20, DARPA informed USRTK that it had completed processing and producing records responsive to the Requests. The parties thereafter conferred about redactions, and on July 31 DARPA agreed to provide spreadsheets containing *Vaughn*-type information to USRTK. On September 21, DARPA produced the spreadsheets. On September 21, USRTK requested additional information concerning the records identified on the spreadsheets, including whether any of the withheld records had been later incorporated into a final contract. *See* 10 U.S.C. § 3309(c).

3. 4. On October 10, DARPA informed USRTK that four of the withheld records had been incorporated by reference into later contracts and would have Exemption (b)(3) redactions removed. However, because DARPA asserts those records are also possibly subject to withholding in whole or part under Exemption (b)(4), Defendant informed USRTK that it initiated the submitter notification process to the relevant organizations.

4. 5. Also on October 10, DARPA informed USRTK that it identified additional potentially responsive records and determined that it also needed to initiate submitter notices for those records, as well as consult with other federal agencies regarding certain withholdings. DARPA estimated the volume of these additional records could exceed 1,000 pages.

5. 6. DARPA initiated consultations with the Department of the Interior regarding those additional potentially responsive records in November 2023, and DARPA received the final response on January 29, 2024. DARPA subsequently initiated further consultations with the Department of the Navy and the Department of Health & Human Services on April 22 and May 14, respectively.

6. 7. As previously reported, DARPA sent submitter notices to eight prime submitters for the records described above. These prime submitters appear prominently in the beginning of each contract and were considered to be the main equity-holders for individual contracts. The prime submitters have now all provided final responses. However, DARPA has encountered difficulties when applying the redactions asserted by these prime entities. The prime entities often withheld most, but not all, of the

information possibly exempt under the FOIA. Upon closer review, DARPA has discovered that some information left unredacted by the prime entities in fact belongs to additional subcontractors working for and with the eight prime entities. Therefore, where applicable, the identified subcontractors now require their own submitter notice before a final release can be made.

8. For seven of the contracts, totaling approximately 1,000 of the remaining pages, each has required 5 to 8 additional submitter notices for subcontractor information that was left unredacted by their prime entities. The seven contracts each only have 1 or 2 responses left outstanding from the subcontractors.

9. After reviewing the prime submitter's response regarding the final contract, which comprises roughly 600 of the remaining pages, DARPA discovered that up to 30 subcontractors appear in the material which the prime entity left unredacted. DARPA, again, must complete the submitter notification process for these subcontractors before it can release non-exempt material to Plaintiff. DARPA is rolling out notices as soon as they are prepared, although it cannot guarantee a timeline by which processing will be complete.

10. Pursuant to governing FOIA regulations (32 C.F.R. § 286.10) and Executive Order 12600 of June 23, 1987, 52 Federal Register 23781, *Predisclosure Notification Procedures for Confidential Commercial Information*, DARPA cannot release records until the relevant submitters have been notified of Plaintiff's FOIA request and been given an opportunity to object to release. Once those conditions precedent have occurred, DARPA will continue to finalize and release non-exempt portions of those records as expeditiously as possible, without regard to a monthly quota.

11. Finally, DARPA has also initiated consultations with several federal agencies, albeit much smaller in size than the submitter notices. DARPA does not expect those consultations to unduly hinder processing.

12. DARPA does not control either the other federal agencies or the submitters and thus cannot guarantee a timeline by which it will be able to complete its response to the FOIA request at issue in this case. However, in the interest of compromise, the parties agreed that DARPA will make monthly rolling releases of responsive, non-exempt materials as they become available without regard to a page processing limit.

13. Once production is complete, the parties shall confer about any disclosure exemptions, the reasonableness and adequacy of DARPA's search for responsive records, and Plaintiff's demand for fees and costs.

14. Accordingly, the parties stipulate and respectfully request that the Court continue the CMC set for September 12, 2024, at 10:00 a.m. until March 6, 2025, at 10:00 a.m.

SO STIPULATED.

DATED: September 5, 2024

Respectfully submitted,

ISMAIL J. RAMSEY
United States Attorney

*/s/ Jevechius D. Bernardoni*\*
JEVECHIUS D. BERNARDONI
Assistant United States Attorney

Attorneys for Federal Defendant

DATED: September 5, 2024

*/s/ Daniel C. Snyder*
DANIEL C. SNYDER
PUBLIC JUSTICE

DATED: September 5, 2024

*/s/ Lily A. Rivo*
LILY A. RIVO
Greenfire Law, PC

Attorneys for Plaintiff
US RIGHT TO KNOW

*In compliance with Civil Local Rule 5-1(i)(3), the filer of this document attests under penalty of perjury that all signatories have concurred in the filing of this document.*

**[PROPOSED] ORDER**

IT IS HEREBY ORDERED that the Case Management Conference currently set for September 12, 2024, at 10:00 a.m. is continued until March 6, 2025, at 10:00 a.m.  The parties shall submit a joint case management conference statement by February 27, 2025.

DATED: _____

_____
The Honorable Thomas S. Hixson