PATRICK D. ROBBINS (CABN 152288)
Acting United States Attorney
PAMELA T. JOHANN (CABN 145558)
Chief, Civil Division
JEVECHIUS D. BERNARDONI (CABN 281892)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone:  (415) 436-7224
    Facsimile:  (415) 436-6748
    jevechius.bernardoni@usdoj.gov

Attorneys for Federal Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| US RIGHT TO KNOW, a California Non-Profit Corporation,<br><br>    Plaintiff,<br><br>  v.<br><br>UNITED STATES DEFENSE ADVANCED RESEARCH PROJECTS AGENCY,<br><br>    Defendant. | Case No. 3:22-cv-07377-TSH<br><br>**STIPULATION TO CONTINUE CASE MANAGEMENT CONFERENCE; [PROPOSED] ORDER** |

    Plaintiff US Right to Know ("Plaintiff" or "USRTK") and defendant United States Defense Advanced Research Projects Agency ("Defendant" or "DARPA"), by and through their undersigned counsel, hereby STIPULATE and respectfully REQUEST that the Court continue the parties' case management conference ("CMC") set for March 6, 2025, at 10:00 a.m. until May 6, 2025, at 10:00 a.m. This stipulation is based on the following facts:

    1.    This action, filed on November 22, 2022 under the Freedom of Information Act ("FOIA"), concerns two FOIA requests that Plaintiff directed to DARPA, dated October 2, 2020 and March 1, 2021. ECF No. 1 ¶¶ 34, 62.  Defendant has answered the Complaint, ECF No. 17, and there are no issues concerning service or jurisdiction.

    2.    Since the filing of the Complaint, the parties conferred regarding a processing and

production schedule for records responsive to the Requests. The parties thus stipulated to an initial production schedule. ECF Nos. 21 & 22.

3. The parties' May 18, 2023 stipulation reported that DARPA was on track to complete its record production by October 31, 2023. ECF No. 23. On July 20, 2023, DARPA informed USRTK that it had completed processing and producing records responsive to the Requests ahead of schedule. The parties thereafter conferred about the redactions, and on July 31, DARPA agreed to provide spreadsheets containing *Vaughn*-type information to USRTK. On September 21, DARPA produced those spreadsheets. On September 21, USRTK requested additional information concerning the records identified on the spreadsheets, including whether any of the withheld records had been later incorporated into a final contract. *See* 10 U.S.C. § 3309(c).

4. On October 10, 2023, DARPA informed USRTK that four of the withheld records had been incorporated by reference into later contracts and thus would have Exemption (b)(3) redactions removed. However, because DARPA asserted those records were also possibly subject to withholding in whole or part under Exemption (b)(4), Defendant informed USRTK that it initiated the submitter notification process to the relevant organizations.

5. Also on October 10, DARPA informed USRTK that it identified additional potentially responsive records and determined that it also needed to initiate submitter notices for those records, as well as consult with other federal agencies regarding certain withholdings. DARPA estimated the volume of these additional records could exceed 1,000 pages. In total, DARPA estimated the total volume of outstanding pages to be (re-)processed at approximately 2,900.

6. As previously reported, while DARPA could not guarantee a timeline by which it would be able to complete its response to the remaining FOIA request at issue in this case, in the interest of compromise, the parties agreed that DARPA would make monthly rolling releases of responsive, non-exempt materials as they became available without regard to a page processing limit. DARPA began making such releases in March 2024.

7. As previously reported, DARPA sent submitter notices to eight prime submitters for the records described above. These prime submitters appear prominently in the beginning of each contract and were considered the main equity-holders for individual contracts. However, DARPA encountered

difficulties when applying the redactions asserted by these prime entities. The prime entities often withheld most, but not all, of the information possibly exempt under the FOIA. Upon closer review, DARPA discovered that some information left unredacted by the prime entities in fact belonged to additional subcontractors working for and with the eight prime entities. Therefore, where applicable, the identified subcontractors required their own submitter notice before a final release could be made.

8. For seven of the contracts, totaling approximately 1,000 pages, each has required 5 to 8 additional submitter notices for subcontractor information that was left unredacted by their prime entities. Processing for those seven contracts was completed and the responsive, non-exempt pages were released to the plaintiff by November 2024. However, DARPA was subsequently unable to make further productions for the reasons stated below. To date, DARPA has completed processing of approximately 2,300 pages out of the total 2,900 pages at issue.

9. After reviewing the prime submitter's response regarding the eighth and final contract, which comprises roughly 600 remaining pages, DARPA discovered that approximately 30 subcontractors appeared in the material which the prime entity left unredacted. DARPA, again, needed to complete the submitter notification process for these subcontractors before it could release non-exempt material to Plaintiff. After extended difficulties, DARPA has now received final responses from all but 5 of these subcontractors. DARPA has also received final responses from its consultations with several federal agencies after unexpected delays. As such, DARPA anticipates resuming regular productions starting at the end of February 2025 and continuing every month thereafter.

10. DARPA has given the remaining 5 subcontractors, all of whom are located internationally, until the end of February 2025 to provide final responses to their respective submitter notices, after which point DARPA will move ahead with finalizing any remaining pages for release. DARPA anticipates completing all productions in this case within two to three months.

11. Pursuant to governing FOIA regulations (32 C.F.R. § 286.10) and Executive Order 12600 of June 23, 1987, 52 Federal Register 23781, *Predisclosure Notification Procedures for Confidential Commercial Information*, DARPA cannot release records until the relevant submitters have been notified of Plaintiff's FOIA request and been given an opportunity to object to release. Once those conditions precedent have occurred, DARPA will finalize and release non-exempt portions of those records as

expeditiously as possible.

12. Once production is complete, the parties shall confer about any asserted exemptions, the reasonableness and adequacy of DARPA's search for responsive records, and Plaintiff's demand for fees and costs.

13. Accordingly, the parties stipulate and respectfully request that the Court continue the CMC currently set for March 6, 2025, at 10:00 a.m. until May 6, 2025, at 10:00 a.m.

SO STIPULATED.

DATED: February 27, 2025                    Respectfully submitted,

                                                                    ISMAIL J. RAMSEY
                                                                    United States Attorney

*/s/ Jevechius D. Bernardoni\**
JEVECHIUS D. BERNARDONI
Assistant United States Attorney

Attorneys for Federal Defendant

DATED: February 27, 2025                    */s/ Daniel C. Snyder*
                                                                     DANIEL C. SNYDER
                                                                     PUBLIC JUSTICE

DATED: February 27, 2025                    */s/ Richard A. Brody*
                                                                     RICHARD A. BRODY
                                                                     Greenfire Law, PC

                                                                     Attorneys for Plaintiff
                                                                     US RIGHT TO KNOW

*\*In compliance with Civil Local Rule 5-1(i)(3), the filer of this document attests under penalty of perjury that all signatories have concurred in the filing of this document.*

**[PROPOSED] ORDER**

IT IS HEREBY ORDERED that the Case Management Conference currently set for March 6, 2025, at 10:00 a.m. is continued until May 6, 2025, at 10:00 a.m. The parties shall submit a joint case management conference statement by April 29, 2025.

DATED: _____

_____
The Honorable Thomas S. Hixson