CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney
PAMELA T. JOHANN (CABN 145558)
Chief, Civil Division
JEVECHIUS D. BERNARDONI (CABN 281892)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7224
    Facsimile: (415) 436-6748
    jevechius.bernardoni@usdoj.gov

Attorneys for Federal Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| US RIGHT TO KNOW, a California Non-Profit Corporation,<br><br>    Plaintiff,<br><br>  v.<br><br>UNITED STATES DEFENSE ADVANCED RESEARCH PROJECTS AGENCY,<br><br>    Defendant. | Case No. 3:22-cv-07377-TSH<br><br>**STIPULATION TO CONTINUE CASE MANAGEMENT CONFERENCE; [PROPOSED] ORDER** |

    Plaintiff US Right to Know ("Plaintiff" or "USRTK") and defendant United States Defense Advanced Research Projects Agency ("Defendant" or "DARPA"), by and through their undersigned counsel, hereby STIPULATE and respectfully REQUEST that the Court continue the parties' case management conference ("CMC") set for September 18, 2025, at 10:00 a.m. until December 11, 2025, at 10:00 a.m. This stipulation is based on the following facts:

    1.    This action, filed on November 22, 2022, under the Freedom of Information Act ("FOIA"), concerns two FOIA requests that Plaintiff directed to DARPA, dated October 2, 2020 and March 1, 2021. ECF No. 1 ¶¶ 34, 62. Defendant has answered the Complaint, ECF No. 17, and there are no issues concerning service or jurisdiction.

    2.    Since the filing of the Complaint, the parties conferred regarding a processing and

production schedule for records responsive to the Requests. The parties thus stipulated to an initial production schedule. ECF Nos. 21 & 22.

3. The parties' May 18, 2023, stipulation reported that DARPA was on track to complete its record production by October 31, 2023. ECF No. 23. On July 20, 2023, DARPA informed USRTK that it had completed processing and producing records responsive to the Requests ahead of schedule. The parties thereafter conferred about the redactions, and on July 31, 2023, DARPA agreed to provide spreadsheets containing *Vaughn*-type information to USRTK. On September 21, 2023, DARPA produced those spreadsheets. On September 21, 2023, USRTK requested additional information concerning the records identified on the spreadsheets, including whether any of the withheld records had been later incorporated into a final contract. *See* 10 U.S.C. § 3309(c).

4. On October 10, 2023, DARPA informed USRTK that four of the withheld records had been incorporated by reference into later contracts and thus would have Exemption (b)(3) redactions removed. However, because DARPA asserted those records were also possibly subject to withholding in whole or part under Exemption (b)(4), Defendant informed USRTK that it initiated the submitter notification process to the relevant organizations.

5. Also on October 10, 2023, DARPA informed USRTK that it identified additional potentially responsive records and determined that it also needed to initiate submitter notices for those records, as well as consult with other federal agencies regarding certain withholdings. DARPA estimated the volume of these additional records could exceed 1,000 pages. In total, DARPA estimated the total volume of outstanding pages to be (re-)processed at approximately 2,900.

6. While DARPA could not guarantee a timeline by which it would be able to complete its response to the remaining FOIA request at issue in this case, in the interest of compromise, the parties agreed that DARPA would make monthly rolling releases of responsive, non-exempt materials as they became available without regard to a page processing limit. DARPA began making such releases in March 2024.

7. DARPA sent submitter notices to eight prime submitters for the records described above. These prime submitters appear prominently in the beginning of each contract and were considered the main equity-holders for individual contracts. However, DARPA encountered difficulties when applying

the redactions asserted by these prime entities. The prime entities often withheld most, but not all, of the information possibly exempt under the FOIA. Upon closer review, DARPA discovered that some information left unredacted by the prime entities in fact belonged to additional subcontractors working for and with the eight prime entities. Therefore, where applicable, the identified subcontractors required their own submitter notice before a final release could be made.

8. For seven of the contracts, totaling approximately 1,000 pages, each has required 5 to 8 additional submitter notices for subcontractor information that was left unredacted by their prime entities. Processing for those seven contracts was completed and the responsive, non-exempt pages were released to the plaintiff by November 2024.

9. After reviewing the prime submitter's response regarding the eighth and final contract, which comprised roughly 600 remaining pages, DARPA discovered that approximately 30 subcontractors appeared in the material which the prime entity left unredacted. DARPA, again, needed to complete the submitter notification process for these subcontractors before it could release non-exempt material to Plaintiff. DARPA completed the submitter notification process and completed its final release on March 28, 2025.

10. Plaintiff reviewed DARPA's releases and, on May 6, 2025, sent a list of approximately 1,900 pages of records for which it requested a *Vaughn* index. DARPA provided Plaintiff with the requested information on August 25, 2025.

11. After Plaintiff has had a chance to review the *Vaughn* index, the parties will meet and confer on the asserted exemptions. Moreover, while DARPA reserves all arguments on eligibility and entitlement, the parties intend to meet and confer regarding Plaintiff's forthcoming demand for fees and costs.

12. To provide the parties sufficient time to meet and confer as discussed above, the parties stipulate and respectfully request that the Court continue the CMC currently set for September 18, 2025, at 10:00 a.m. until December 11, 2025, at 10:00 a.m.

SO STIPULATED.

//

//

| | | |
|---|---|---|
| 1 | DATED:  September 11, 2025 | Respectfully submitted, |
| 2 | | |
| 3 | | CRAIG H. MISSAKIAN<br>United States Attorney |
| 4 | | */s/ Jevechius D. Bernardoni\**<br>JEVECHIUS D. BERNARDONI |
| 5 | | Assistant United States Attorney |
| 6 | | Attorneys for Federal Defendant |
| 7 | | |
| 8 | DATED:  September 11, 2025 | */s/ Daniel C. Snyder*<br>DANIEL C. SNYDER |
| 9 | | PUBLIC JUSTICE |
| 10 | DATED:  September 11, 2025 | */s/ Richard A. Brody*<br>RICHARD A. BRODY |
| 11 | | Greenfire Law, PC |
| 12 | | Attorneys for Plaintiff |
| 13 | | US RIGHT TO KNOW |

*In compliance with Civil Local Rule 5-1(i)(3), the filer of this document attests under penalty of perjury that all signatories have concurred in the filing of this document.*

**[PROPOSED] ORDER**

IT IS HEREBY ORDERED that the Case Management Conference currently set for September 18, 2025, at 10:00 a.m. is continued until December 11, 2025, at 10:00 a.m.  The parties shall submit a joint case management conference statement by December 4, 2025.

DATED: _____

The Honorable Thomas S. Hixson

3:22-cv-07377-TSH                                              1