CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney
PAMELA T. JOHANN (CABN 145558)
Chief, Civil Division
JEVECHIUS D. BERNARDONI (CABN 281892)
Assistant United States Attorney

　　450 Golden Gate Avenue, Box 36055
　　San Francisco, California 94102-3495
　　Telephone:　(415) 436-7224
　　Facsimile:　(415) 436-6748
　　jevechius.bernardoni@usdoj.gov

Attorneys for Federal Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| US RIGHT TO KNOW, a California Non-Profit Corporation,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES DEFENSE ADVANCED RESEARCH PROJECTS AGENCY,<br><br>　　　　Defendant. | Case No. 3:22-cv-07377-TSH<br><br>**SETTLEMENT AGREEMENT AND STIPULATION OF DISMISSAL, WITH PREJUDICE** |

　　　　IT IS HEREBY AGREED by and between the undersigned Plaintiff and Defendant (together, the "Parties"), as follows:

　　　　1.　　**Settlement Amount**.  Defendant agrees to pay Plaintiff a total sum of $55,000.00 (fifty-five thousand dollars and zero cents) to Plaintiff in full and complete satisfaction of Plaintiff's claims for attorneys' fees, costs, and litigation expenses under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, as amended, in the above-captioned matter.  This payment shall constitute full and final satisfaction of any and all of Plaintiff's claims for attorneys' fees, costs, and litigation expenses in the above-captioned matter, and is inclusive of any interest.  Payment of this money will be made by electronic funds transfer or check after receipt of necessary information from Plaintiff in

SETTLEMENT AGREEMENT AND STIPULATION OF DISMISSAL, WITH PREJUDICE
Case No. 3:22-cv-07377-TSH

1

order to effectuate the payment.  Defendant will begin processing payment promptly once the Settlement Agreement is executed by all the signatories and Plaintiff provides all necessary information in order to effectuate payment.

2. **Release**.  In consideration of the payment of the Settlement Amount and the other terms set forth in this Agreement, Plaintiff hereby releases and forever discharges Defendant, its successors, the United States of America (the "United States"), and any department, agency, or establishment of the United States, and any officers, employees, agents, successors, or assigns of such department, agency, or establishment, from any and all claims and causes of action that Plaintiff asserts or could have asserted in this FOIA litigation, or which hereafter could be asserted, with respect to or arising out of the specific FOIA requests on which this action is based, including but not limited to all past, present, or future claims for attorneys' fees, costs, or litigation expenses in connection with the above-captioned litigation.  Plaintiff agrees to forever release and discharge any claims for further disclosure of the records or the portions of records sought in the Civil Action, and will not subsequently request that Defendant grant access to those records or portions of records under the FOIA.

3. **Waiver of California Civil Code § 1542**.  The provisions of California Civil Code Section 1542 are set forth below:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Plaintiff, having been apprised of the statutory language of Civil Code Section 1542, and fully understanding the same, nevertheless elects to waive the benefits of any and all rights Plaintiff may have pursuant to the provision of that statute and any similar provision of federal law.  Plaintiff understands that, if the facts concerning any injuries, liability for damages pertaining thereto, or liability for attorneys' fees, costs or litigation expenses are found hereafter to be other than or different than the facts now believed by Plaintiff to be true, this Settlement Agreement shall be and remain effective notwithstanding such material difference.

SETTLEMENT AGREEMENT AND STIPULATION OF DISMISSAL, WITH PREJUDICE
Case No. 3:22-cv-07377-TSH

2

4.    **Dismissal**.  Pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), Plaintiff and Defendant hereby stipulate to dismiss, with prejudice, the above-captioned action.  Each party shall bear its own costs, expenses, and fees, except as provided for in the Parties' settlement agreement.

5.    **No Admission of Liability**.  The Parties acknowledge that this Settlement Agreement is entered into solely for the purpose of settling and compromising any remaining claims in this action without further litigation, and it shall not be construed as evidence or as an admission of liability or fault on the part of Defendant, the United States, or any of their past and present officials, agents, employees, or attorneys regarding any issue of law or fact, or regarding the truth or validity of any allegation or claim, raised in this action, or as evidence or as an admission by the Defendant regarding Plaintiff's eligibility for or entitlement to attorneys' fees, costs, or other litigation expenses under the FOIA.  This Settlement Agreement shall not be used in any manner to establish liability for fees or costs in any other case or proceeding involving Defendant.

6.    **Severability**.  If any provision of this Settlement Agreement shall be held invalid, illegal, or unenforceable, the validity, legality, and enforceability of the remaining provisions shall not in any way be affected or impaired thereby.

7.    **Integration**.  This instrument shall constitute the entire Agreement between the Parties, and it is expressly understood and agreed that the Agreement has been freely and voluntarily entered into by the Parties.  The Parties further acknowledge that no warranties or representations have been made on any subject other than as set forth in this Agreement.  This Agreement may not be altered, modified or otherwise changed in any respect except by writing, duly executed by all the Parties or their authorized representatives.

8.    **Authority**.  The persons signing this Settlement Agreement warrant and represent that they possess full authority to bind the persons on whose behalf they are signing to the terms of the Settlement Agreement.

9.    **Choice of Law**.  This Agreement is governed by the laws of the United States.

10.    **Construction**.  Each party hereby agrees that it has participated in the preparation of this Settlement Agreement, had the opportunity to seek counsel regarding the contents of this

SETTLEMENT AGREEMENT AND STIPULATION OF DISMISSAL, WITH PREJUDICE
Case No. 3:22-cv-07377-TSH

3

Settlement Agreement, is fully aware of and understands all the terms of the Settlement Agreement and the legal consequences thereof, and enters into this Settlement Agreement knowingly and voluntarily.  For purposes of construction, this Settlement Agreement shall be deemed to have been drafted by all Parties to this Settlement Agreement and shall not, therefore, be construed against any party for that reason in any subsequent dispute.

11.    **Execution in Counterparts**.  It is contemplated that this Settlement Agreement may be executed in several counterparts, with a separate signature page for each party.  All such counterparts and signature pages, together, shall be deemed to be one document.

DATED:  April 2, 2026                                    Respectfully submitted,

CRAIG H. MISSAKIAN
United States Attorney

*/s/ Jevechius D. Bernardoni*
JEVECHIUS D. BERNARDONI
Assistant United States Attorney

Attorneys for Federal Defendant

DATED:  April 2, 2026                    */s/ Daniel C. Snyder\**
DANIEL C. SNYDER
PUBLIC JUSTICE

DATED:  April 2, 2026                    */s/ Richard A. Brody*
RICHARD A. BRODY
Greenfire Law, PC

Attorneys for Plaintiff
US RIGHT TO KNOW

*In compliance with Civil Local Rule 5-1(i)(3), the filer of this document attests under penalty of perjury that all signatories have concurred in the filing of this document.*

SETTLEMENT AGREEMENT AND STIPULATION OF DISMISSAL, WITH PREJUDICE
Case No. 3:22-cv-07377-TSH